IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES PAUL SYROCK                                                                                    PLAINTIFF

v.                                          Civil No. 2:22-cv-02126-PKH-MEF

SERGEANT BRANDON HICKS, *et. al.*                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

**I.        BACKGROUND**

Plaintiff filed his Complaint on July 29, 2022. (ECF No. 1). On August 16, 2022, the undersigned entered an Order directing Plaintiff to file an Amended Complaint to address deficiencies in his initial Complaint. (ECF No. 6). Plaintiff was directed to submit his Amended Complaint by September 6, 2022, and was advised that his case would be subject to dismissal if he failed to do so. (*Id*.). This Order was not returned as undeliverable. When Plaintiff failed to submit his Amended Complaint, the undersigned entered a Report and Recommendation on September 12, 2022, recommending that Plaintiff's Complaint be dismissed for failure to obey a court order and failure to prosecute his case. (ECF No. 7). Plaintiff filed an Objection on September 21, 2022, stating that he was unaware that the Court did not receive his Amended Complaint. (ECF No. 8). As a result, Judge Holmes declined to adopt the Report and Recommendation and gave Plaintiff another opportunity to comply with the Order to file an

1

Amended Complaint. (ECF No. 9). On September 22, 2022, the undersigned entered an Order directing Plaintiff to file his Amended Complaint by October 13, 2022. (ECF No. 10).

Plaintiff filed his Amended Complaint on October 11, 2022. (ECF No. 11). On November 2, 2022, the undersigned entered an Order giving Plaintiff another opportunity to correct the remaining deficiencies in his Amended Complaint. The deadline for Plaintiff to do so was set for November 23, 2022. (ECF No. 12). When Plaintiff failed to file his second Amended Complaint, the undersigned entered a Show Cause Order directing Plaintiff to respond by December 21, 2022. (ECF No. 13). Both the Order directing the second Amended Complaint and the Show Cause Order advised Plaintiff that failure to respond by the deadline would result in the dismissal of his case. (ECF Nos. 12, 13). Neither Order was returned as undeliverable.

To date, Plaintiff has failed to file either his second Amended Complaint or his Show Cause Response, and he has not otherwise communicated with the Court.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's first, and deficient, Amended Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 11) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE